UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION

STEVEN HAROLD LOGA                        NUMBER 11-62-BAJ-SCR

<u>**NOTICE**</u>

        Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

        In accordance with 28 U.S.C. §636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

        ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

        Baton Rouge, Louisiana, May 3, 2013.


                        STEPHEN C. RIEDLINGER
                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                         CRIMINAL ACTION

STEVEN HAROLD LOGA                             NUMBER 11-62-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Steven Harold Loga.  Record document numbers 27 and 29.

For the reasons which follow, the petitioner's § 2255 motion should be denied.

## I. Procedural History

On August 18, 2011, the petitioner pled guilty to one count bank fraud in violation of 18 U.S.C. §§ 1344 and 2, and one count money laundering in violation of 18 U.S.C. § 1957.  On February 9, 2012, the petitioner was sentenced to imprisonment for a term of 46 months.  Petitioner did not appeal.

Petitioner signed his § 2255 motion on November 4, 2012, and it was filed on November 8, 2012.  On December 3, 2012, the petitioner amended his § 2255 motion.  Petitioner asserted two grounds for relief:

(1) the court was without jurisdiction to impose the sentence and his bank fraud conviction is invalid because the entity he defrauded was not a financial institution, an essential element of the crime, as required by 18 U.S.C. § 1344; and

(2) he was denied effective assistance of counsel when counsel failed to argue that the court was without jurisdiction to impose the sentence on the bank fraud charge because the entity he defrauded was not a financial institution, an essential element of the crime, as required by 18 U.S.C. § 1344.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

## II. Applicable Law and Analysis

### A. Grounds for § 2255 Motion

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

### B. Ground 1: Subject-Matter Jurisdiction

In his first ground for relief[1], the petitioner argued that the court was without jurisdiction to impose the sentence on the bank fraud charge because the entity he defrauded was not a

---

[1] Record document number 27.

2

financial institution, which is an essential element of the crime required by 18 U.S.C. § 1344.

"Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 1012 (1998).

Jurisdiction has to do only with "'the court's statutory or constitutional *power* to adjudicate the case.'" *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785 (2002).  Article III gives to the federal judicial branch subject-matter jurisdiction over all cases arising under the laws of the United States; and by statute Congress has given the federal district courts this authority over federal criminal cases in the first instance.  18 U.S.C. § 3231; *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts").

Section 3231 provides in relevant part: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  Thus, federal courts have exclusive power to

3

adjudicate offenses against federal law.

Subject-matter jurisdiction cannot be forfeited or waived "because it involves a court's power to hear a case.... Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in [the] district court." *United States v. Cotton*, 535 U.S. at 630, 122 S.Ct. at 1785.

While subject-matter jurisdiction is not subject to forfeiture or waiver, "in every federal criminal prosecution [subject-matter jurisdiction] comes from 18 U.S.C. § 3231, ... That's the beginning and the end of the 'jurisdictional' inquiry." *United States v. Tony*, 637 F.3d 1153, 1158 (10th Cir. 2011) (quoting *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir.), *cert. denied*, 540 U.S. 844, 124 S.Ct. 116 (2003)).

Conventionally, a federal criminal case is within the subject-matter jurisdiction of the district court if the indictment charges – the petitioner's Bill of Information certainly did[2] – that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal crimes. *See* 13 B Wright, Miller, Cooper & Freer*, Federal Practice and Procedure* § 3575, at 657-60 (3d ed. 2008).

---

[2] Petitioner executed a Waiver of Indictment voluntarily waiving his right to have the charges in the Bill of Information presented to a Grand Jury, and agreed that the proceedings may be instituted by a Bill of Information.  Record document number 2.

4

Petitioner's argument is inherently not a jurisdictional one. Setting aside the fact that since there was no trial, and therefore no evidence was actually introduced, the petitioner essentially argued that the government did not prove all elements of the crime of bank fraud because the evidence failed to show that the entity he defrauded was a financial institution.  But even assuming the petitioner could show there was not sufficient evidence to support a bank fraud conviction, that would mean only that the government did not meet its burden of proof, not that the district court lacked the jurisdiction to adjudicate the case.  *See United States v. Reasor*, 418 F.3d 466, 469 (5th Cir. 2005); *United States v. Garcia-Garcia*, 354 Fed.Appx. 434, 436 (1st Cir. 2009); *United States v. Martin*, 526 F.3d 926, 933-34 (6th Cir. 2008). Petitioner's lack-of-jurisdiction argument is without merit.[3]

## C. Ground 2: Ineffective Assistance of Counsel

In his second ground for relief, the petitioner argued that he was denied effective assistance of counsel.[4]  Specifically, the petitioner argued that he was denied effective assistance of counsel when counsel failed to argue that the court was without

---

[3] Moreover, the petitioner validly waived his rights to both appeal and to challenge his conviction in any post-conviction proceeding, except as to certain punishments (which are not applicable here) and claims of ineffective assistance of counsel. Record document number 8.  Petitioner did not argue that this waiver is invalid or he is otherwise not bound by it.

[4] Record document number 29.

5

subject-matter jurisdiction to impose the sentence on the bank fraud charge because the entity he defrauded was not a financial institution, which is an essential element of the crime required by 18 U.S.C. § 1344.

To obtain relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

The same test applies when a petitioner alleges ineffective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985). To satisfy the second prong of this test, the petitioner must show that "there is reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Hill*, 474 U.S. at 59, 106 S.Ct. at 370.  To meet the prejudice prong, the defendant must affirmatively prove, and not merely allege, prejudice.  *Bonvillain v. Blackburn,* 780 F.2d 1248, 1253 (5th Cir. 1986).  Thus, "[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary.  In such a case there is 'no actual and substantial disadvantage' to the defense."  *United States v. Diaz,* 733 F.2d 371, 376 (5th Cir.1984) (quoting *Diaz v. Martin,* 718 F.2d 1372, 1379 (5th Cir. 1983)).

Insofar as the petitioner argued that he was denied effective assistance of counsel when his counsel failed to argue that the district court was without subject-matter jurisdiction to impose the sentence on the bank fraud charge, the claim is without merit.  As indicated in the analysis of Ground 1, the district court had jurisdiction to adjudicate the bank fraud charge.  Petitioner failed to demonstrate that his counsel's performance was deficient for failure to urge a subject-matter jurisdiction argument.

To the extent the petitioner argued that he was denied effective assistance of counsel when counsel failed to argue that the government's factual basis for the guilty plea was deficient, the claim is without merit.

A voluntary guilty plea waives all non-jurisdictional defects in the proceeding.  *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).  This includes claims of ineffective assistance of

counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.  *Id*.

Rule 11, Fed.R.Crim.P., ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting it.[5]  *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002).  Petitioner has the burden to show (1) there is an error, (2) that is clear and obvious, and (3) that the error affects his substantial rights.  *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2002).

Petitioner was rearraigned on August 18, 2011, represented by attorney Steven James Moore.  Petitioner was placed under oath,[6] he advised the court that he entered into a plea agreement,[7] and the

---

[5] Rule 11(b)(1) provides, in pertinent part, as follows:
Before the court accept a plea of guilty or nolo contendere,... the court must inform the defendant of, and determine that the defendant understands, the following:
...
(G) the nature of each charge to which the defendant is pleading;
(H) any maximum possible penalty ...;
(I) any mandatory minimum penalty;
...
(M) in determining the sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors ...

[6] Record document number 38, Transcript of Re-arraignment, p. 2.

[7] *Id*. at 6.

8

original plea agreement was filed into the record.[8]

During the Rule 11 colloquy, the district judge informed the petitioner of the charges against him,[9] to which he pled guilty.[10] The district judge verified that the petitioner fully understood the charges against him and the sentencing ramifications of his guilty pleas.[11] A stipulation on the factual basis was filed into the record[12] and reviewed by the district judge, who found it was sufficient to support the guilty plea.[13] Petitioner waived reading the factual basis into the record, declined to make any changes, corrections or additions to the factual basis and acknowledged that what is contained in the factual basis is true and correct.[14] The district judge explained to the petitioner how his offense level, criminal history and restitution would be calculated.[15] Petitioner advised the court that he still wanted to enter a guilty plea to

---

[8] *Id.*

[9] *Id.* at 6-8.

[10] *Id.* at 7, 8.

[11] *Id.* at 15-28.

[12] *Id.* at 29.

[13] *Id.* at 29-30.

[14] *Id.*

[15] *Id.* at 32-37.

Count One and Count Two of the Bill of Information.[16]  Petitioner was asked whether "anyone threatened you in any way to make or force you to enter into a guilty plea?"[17]  Petitioner answered, "No, sir."[18]

The record clearly shows that the petitioner was adequately informed of his rights and the charges, understood the factual basis for the charges, and was aware of the consequences of his plea.  The transcript easily supports finding that the petitioner's guilty plea was voluntarily, knowingly and intelligently entered.

First, as explained above in the discussion of the petitioner's Ground 1, the court was not without jurisdiction.

Second, because the petitioner did not argue that his attorney's alleged deficient performance affected his decision to plead guilty, his claim that counsel failed to argue that there was an insufficient factual basis to support the guilty plea is waived. Morever, the petitioner did not allege, nor has he come forward with any evidence to establish, that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty to the bank fraud charge and would have insisted on going to trial.

---

[16] *Id.* at 37.

[17] *Id.* at 14.

[18] *Id.*

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied.

Baton Rouge, Louisiana, May 3, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

11